AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
MAR 2 5 2025
AT _____ O'CLOCK
John M. Domurad, Clerk - Plattsburgh

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No.  8:25-MJ-76 (GLF) |
| Victor, CARRANZA Valdivia & | ) |
| Britney, REYES Hernandez | ) |
| | ) |
| | ) |
| Defendant. | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of March 22, 2025, in the county of Franklin in the Northern District of New York the defendants violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(ii) & (v)(I) | The defendants, conspired to commit alien smuggling by, knowingly and in reckless disregard of the fact that aliens have come to, entered, or remained in the United States in violation of law, the defendants did conspire to transport, move and attempt to transport and move aliens within the United States by means of transportation or otherwise in furtherance of such violation of law. |

This criminal complaint is based on these facts:

☒  Continued on the attached sheet.

*D. Matthews*     3/24/2025 - 8:53 AM

*Complainant's signature*

U.S. Border Patrol Agent Dustin M. Matthews

*Printed name and title*

Attested to by the Affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: *MARCH 25, 2025*

*Gary L. Favro*

*Judge's signature*

City and State:   Plattsburgh, New York          Hon. Gary L. Favro, U.S. Magistrate Judge

*Printed name and title*

*Continuation Sheet, United States v.* **Victor, CARRANZA Valdivia & et el.**

This criminal complaint is based on the following facts:

On March 21, 2025, at approximately 8:50 PM, Border Patrol Agents assigned to the both the Burke and Massena Border Patrol Stations were notified by Swanton Sector Border Patrol Dispatch (KAD640), that at least four individuals were detected via border security cameras walking south through the woods in Westville, New York. This area of Westville, New York, is frequently utilized for illegal cross border and human smuggling activity due to it multiple points of egress and proximity to the United States/Canada international boundary. Agents from both stations responded and agents from the Burke Station were able to locate fresh footprints in the area. After several hours following the footprints, agents could no longer follow as the sign dissipated along the banks of the Salmon River.

In the experience of the agents, these individuals were likely going to a designated pickup location, where the individuals would ultimately get into a vehicle that would take them away from the border area. Agents positioned themselves along likely routes of travel and began monitoring vehicle traffic. Agents also monitored electronic surveillance equipment using Border Patrol issued laptops.

At approximately 11:55 PM, a silver Honda CR-V bearing Connecticut registration BP30469 was detected via electronic surveillance equipment travelling northbound on New York State Route 190. Agents queried the registration of the vehicle and noted that the plate was supposed to be on a Honda Accord and not a Honda CR-V. At approximately 12:25 AM, agents detected the vehicle on New York State Route 122 in Constable, New York, traveling west towards Westville, New York.

The CR-V was then observed by an agent on New York State Route 122 in Constable, New York at approximately 1:15 AM traveling eastbound. Agents positioned near the intersection of New York State Route 122 and US-11 was able clearly see that the vehicle was occupied to its maximum capacity. The CR-V turned east onto US-11, following the same route of travel it took earlier in the evening, in the opposite direction.

Based on the totality of the circumstance's, agents activated their emergency lights and sirens and executed a vehicle stop at just east of County Route 34 on US-11 in Burke, New York. Agents approached the vehicle and identified themselves as United States Border Patrol Agents in both the English and Spanish language. Agents approached the driver of the CR-V, later identified as CARRANZA-Valdiva, Victor, instructed him to keep his hands on the steering wheel. CARRANZA failed to comply with this instruction several times. Eventually, for the safety of the agents and the occupants in the CR-V, CARRANZA was taken out of the CR-V, handcuffed and detained in the back of a marked Border Patrol Service vehicle. CARRANZA was informed that at this time he was not under arrest, only that he was being detained for the safety of the agents and the other individuals. Agents asked CARRANZA where he was born. CARRANZA replied, "Nicaragua". Agents then asked if he was in possession of any immigration documents that would allow him to be in the United State legally and CARRANZA replied, "no".

Agents on both the driver and passenger side of the vehicle were able to clearly see that the three passengers in the backseat of the CR-V had soaking wet, muddy shoes and were covered in burdocks. This is common observation for Border Patrol Agents when encountering individuals who were walking through the damp and muddy wooded area around Westville, New York.

The front seat passenger, later identified as REYES Hernandez, Britney, (AKA- CRUZ Salguero, Britney) had on dry clothing and was not muddy or covered in burdocks. It was later determined that she travelled to the area with CARRANZA. Agents asked REYES to state her citizenship and she claimed to be from Guatemala.

*Continuation Sheet, United States v.* **Victor, CARRANZA Valdivia & et el.**

REYES also stated that she was in the United States illegally. Agents detained REYES in the back of a separate marked Border Patrol service vehicle from CARRANZA.

Agents asked the passengers in the backseat if they had crossed the United States/Canada International Border earlier in the night and they all said they had. One of subjects, later identified with initials E.S.C. claimed to be from Guatemala. The other two subjects identified with initials F.G.S. and D.J.G. claimed to be from Mexico. None of the occupants in the CR-V were in possession of any documents that would allow them to enter, pass through or remain in the United States legally. At this time, all the occupants were then placed under arrest and transported to the Burke Border Patrol Station for further record checks interviews and processing.

At the station, biographical information and fingerprints were entered into Department of Homeland Security databases for all five subjects. Record checks confirmed information previously gathered roadside.

At the station, CARRANZA was read his *Miranda* rights and agreed to answer questions without a lawyer present. CARRANZA stated that he came to the United States illegally approximately two and a half years ago. CARRANZA said that he was going to be paid $5,000 dollars for the trip and he was supposed to be paid after he dropped the people off in New York City. CARRANZA stated that he knew that the people he was picking up had crossed illegally into the United States from Canada. CARRANZA said that Britney REYES knew what was going on and who they were picking up.

At the station, REYES was read her *Miranda* rights and agreed to answer questions without a lawyer present. REYES stated the Honda CR-V is hers but it registered to CARRANAZA. REYES stated that when people ran up to the car and go it, she realized that they might have been here illegally but didn't want to leave them stranded.